JOHN H. BENNETT, ADM'R, v. SARAH H. COCKS.

See this case for circumstances under which the wife's claim to property, by conveyance from her husband to a trustee for her, was sustained against a previous creditor.

Appeal from Travis. Judgment obtained by the appellant's intestate September 24, 1842, against John H. Cocks, in a Justice's Court, in Galveston county. Suit thereon and judgment recovered by the appellant, in a Justice's Court, same county, September 2nd, 1852. Execution issued to Travis county. Levied a slave named Stephen ; slave claimed by the appellee ; trial of right of property, in a Justice's Court in Travis county ; judgment for claimant; *certiorari* by appellant. By the antenuptial agreement which was ruled out, and which was dated April 17, 1843, and signed by the said Cocks and John D. Pitts, the father of the present claimant, the former promised, covenanted and bound himself to convey to said Pitts, property, securities or money, to the amount of five thousand dollars, in trust for the said Sarah H. Pitts (the claimant) and her issue by the intended marriage, alive at her death, and on failure of such issue, should she survive the said John H. Cocks. Witnessed by three witnesses, one of whom was A. J. Reynolds. The bill of sale to Pitts, in trust for the claimant, was dated next day ; purported to be in consideration of a note on A. J. Reynolds for $5000 ; conveyed the slaves to Pitts as trustee for Sarah H. Cocks, absolutely ; was witnessed by two witnesses ; proved by one of the witnesses August 25, 1853 ; and recorded in Montgomery county same day ; recorded in Travis county October 1, 1853 ; it was proved by one of the subscribing witnesses to have been made at its date.

The execution was levied on the 12th April, 1853. The statement of facts did not very plainly show who had possession of the slaves mentioned in the bill of sale from Cocks to Pitts, from date of the bill until about 1847, when Pitts removed to Hays county, not taking them with him ; but it rather appeared, that although there was a delivery of them in pursuance of the bill of sale, yet that the possession soon afterwards returned to and continued with Mrs. Cocks and her husband. The other facts in the case will be found stated in the Opinion of the Court.

*J. A. & R. Green,* for appellant. It is not denied that Bennett is a creditor, in the sense of the Statute, and that the bill of sale is void, unless registered, or without something equivalent to registration. That it was not registered is evident from its face. The Court charged, however, that notice was equivalent to registration. The Statute (Hart. Dig. Art. 2777) provides that actual notice or reasonable information to subsequent purchasers and creditors ·shall serve the same purpose as registration. This we apprehend relates only to those cases where the credit was given after the notice of the unregistered deed ; not as in this case, where the credit was given and judgment obtained upon it, before notice or information, or the existence of the deed.

The charge is believed to be correct in the main, but it certainly does not authorize the verdict of the jury in behalf of the defendant. The verdict of the jury was without (as well as contrary to the) evidence, under the charge. There was no conflict of evidence as to the notice or information of the plaintiff, but a mere want of any such evidence.

It was not pretended that the plaintiff was one of the family, or even an acquaintance, but lived, as appears, in a distant county. The possession was not such as to give notice of a separate claim by Mrs. Cocks.

In all the circumstances of the case, there is not one which would raise a legal or actual presumption that the plaintiff had any knowledge of any fact concerning Mrs. Cock's claim. The defendant, indeed, placed no reliance on this point, but argued that it was totally unnecessary to record a deed made to a married woman, citing 5 Tex. R. 363, where it was held that the law requiring a schedule of wife's property to be registered, would not divest the wife's right, on failure to register as required. That decision was on a case involving a very different principle from this. There the property had vested by the laws of the land in the wife before marriage. Here the right had not accrued, nor could it accrue as against creditors, without registration. The difference between the two cases, is clearly drawn and distinctly recognized in Parks v. Willard, (1 Tex. R. 350.)

*C. S. West* and *B. F. Carter*, for appellee. The negro had been in the possession of Mrs. Cocks and her trustee for ten years, and it was generally known among the acquaintances of the family, that she owned the negroes. It was a sufficient possession in Mrs. Cocks. Under our laws, "slaves in the "possession of husband and wife, are, *prima facie*, as much the "property of the wife as the husband," therefore such possession is sufficient to put the party upon enquiry as to the title. The facts in this case were sufficient to put the party upon enquiry. And this Court, in the case of Parks v. Willard, (1 Tex. R. 350,) held it a well established rule, that whatever is sufficient to put a party upon enquiry, is sufficient to charge such party with notice. The facts in this case bring it within the rule there laid down.

It was properly a question of fact for the jury; they decided it in favor of the claimant.

HEMPHILL, CH. J. This was a trial of the right of proper-

ty. The negro Stephen had been levied upon, as the property of John H. Cocks, the husband ; and the claim is set up by Sarah H. Cocks, the wife. To establish this claim, she set up a bill of sale, dated April 18th, 1843, of the said slave, from the said John H. Cocks to John D. Pitts, her trustee. In answer, the defendant (who is plaintiff in execution) contended that the said instrument of sale was not recorded in the county where the property was found, and in fact not recorded any where until after the levy of the execution. There was proof that from and after the bill of sale, the plaintiff Sarah H. Cocks had always claimed the property as her own ; that the negroes included in the bill of sale (the said Stephen, with others) were delivered to the trustee, at the time of the execution of the bill of sale ; that the parties lived in Austin county; that subsequently, in 1849, the husband and wife removed to Travis county, and have since lived together, using and controlling the said slaves ; that Mrs. Cocks had sold one of them, and that it was generally known among the acquaintances of the family, that she claimed the slaves as her separate property ; that the boy Stephen, when levied upon, was in the possession of A. N. Hopkins, who, at the time of having the boy, was informed by John H. Cocks, that the slave was the property of his wife, and that he, Hopkins, sometimes paid the hire to the husband and sometimes to the wife. The deposition of John D. Pitts, the trustee, was offered by the plaintiff, at the trial, but was rejected, and an antenuptial agreement between John D. Cocks, the husband, and the said trustee, was offered by the plaintiff, but ruled out as impertinent and immaterial to the issue.

The jury found for the claimant, Sarah H. Cocks, and the defendant appealed.

It is manifest that throughout the proceedings of the Court below, the defendant John H. Bennett was regarded as a creditor in the sense of the Statute. (Hart. Dig. Art. 2777.) This Section of the Act of Limitations of 1841 provides for the reg-

istering of deeds, &c., and, among other matters, declares, in substance, that deeds, &c., after being presented for registration, shall be effectual against subsequent purchasers and creditors, and shall also, without registration, be effectual against such purchasers and creditors with actual notice or reasonable information of the grant, deed or instrument. If the defendant be a creditor, within the meaning and scope of this provision, (and as such he was considered and the rights of the parties were adjudicated on this hypothesis,) the only question, upon such issue, would be, whether he had actual, constructive or reasonable notice or information of the title of the plaintiff. The Court, in its charge to the jury, defined each of these characters of notice, viz: constructive notice, to be such as would be given by the record of the bill of sale in the county of the residence of Cocks's wife, at the time of registration; actual notice, to be given by any means bringing actual knowledge to the plaintiff in execution, of the existence of the bill of sale; and reasonable information, to fix knowledge of the claimant's rights upon the plaintiff in execution, would be a knowledge, brought home to him, of such facts and circumstances in connection with the negro, as would admonish a reasonably prudent man, that John H. Cocks was not the owner of the negro; and if either of these characters of notice were established by proof, the jury were directed to find for the plaintiff.

This charge was substantially correct. The question, on the facts before the jury, was, whether the defendant had reasonable information of the title of the claimant. There was no constructive notice by record, nor was there any actual notice, as contradistinguished from reasonable information. This latter consists of a knowledge inferior to that which constitutes actual notice, and was well defined to be such facts and circumstances as would admonish a reasonably prudent man, that the title of the negro was not in the husband, (and to this might have been added,) but was in the wife. Reasonable information, not being actual notice, can only be such facts and

circumstances, in relation to the claim, as would put a reasonably prudent man upon enquiry. In Parks v. Willard, it was held, that under our law concerning marital rights, which recognize in the wife exclusive and separate ownership of property, while at the same time it gives the husband the sole management of such property, far less and inferior evidence should be deemed sufficient to put a purchaser (in this case a creditor) upon enquiry, and to affect him with notice of the right and title of the wife. (1 Tex. R. 354.)

The question of notice was fairly submitted to the jury. The facts were before them, and they proved abundantly, that the property had for ten years been claimed by the wife; that this was known to the acquaintances of the family; and, upon the whole, we are of opinion that the jury were justified in finding for the claimant, and the judgment consequently must be affirmed.

Judgment affirmed.