## MARTHA S. BATTLE v. N. N. JOHN ET AL.

1. PROPOSITIONS UNDER THE NEW RULES.—Conclusions from principles of law, or argumentative deductions from matters of fact tending to show error in the ruling of the court below, are more appropriate in the argument or statement than as propositions under the new rules of practice.

2. PARTITION BY TENANTS IN COMMON.—A tenant in common will not be allowed to force partition of a part of a common estate. He must apply for partition of the entire estate, if he would divide any.

3. SAME.—But it does not follow, that, on a purchase from one tenant in common of a part of the common estate, when such purchase is acquiesced in by the others, a partition of such part cannot be had without forcing partition of the entire property.

4. SAME.—It would seem to follow, that if some of the parties have no interest, either legal or equitable, by estoppel or otherwise, in a portion of the tract, they cannot object to partition because it is not sought of such portion, especially when all parties interested in the entire tract sought to be partitioned are before the court.

5. HOMESTEAD.—Husband and wife owned a tract as tenants in common, the wife owning two-sevenths interest. On bankruptcy of the husband, all of the tract, but 200 acres homestead, was sold in the bankruptcy proceedings. In a suit by the wife against the purchasers for partition : *Held*—

    1. That there is no tenancy in common between the husband and wife and the purchasers. The purchasers having no right in the homestead, the husband having no interest in that part sold ; the husband being tenant in common, the purchasers taking his interest became tenants in common with the wife.

    2. The setting apart of the homestead interest, and the segregation of the excess in the tract over and above the 200 acres constituting the homestead, by its sale, as completely severs the tract as if the parts had never been united.

    3. Each of the subdivisions, the homestead and the excess, can be treated as isolated tracts in partition proceedings.

APPEAL from Wharton. Tried below before the Hon. Wm. H. Burkhart.

Thé case is fully stated in the opinion, in connection with the brief of the appellant, made under the new rules.

*Willie & Cleveland,* for appellant.—Martha S. Battle, wife of O. L. Battle, who refused to join in the suit, sued her husband and John and Sears, in trespass to try title and partition, to recover and have set apart to her an interest of two-sevenths, her separate property, in a tract of land consisting of about 2,600 acres.

O. L. Battle did not answer. John and Sears filed a general demurrer and special exceptions, all of which were overruled, except the sixth special exception, which was sustained; and the plaintiff declining to amend, the cause was dismissed, and Mrs. Battle appealed. The exception sustained below is substantially as follows : That plaintiff's pleadings show that O. L. Battle is possessed of and owns in his own right in fee 200 acres of the land originally purchased, together with valuable improvements ; and it does not appear by petition that said 200 acres were not of sufficient value to satisfy plaintiff's claim in said original purchase, in which her interest is claim-

ed, and no reason is given why plaintiff does not seek to hold said 200 acres subject to, and in satisfaction of, her claim. The third error assigned, is that the court erred in sustaining said sixth special demurrer and exception to the original and two amended petitions of plaintiff.

Proposition one under third error assigned: Plaintiff's pleadings showed that said 200 acres were the homestead of said O. L. Battle and family, which, with the land sought to be partitioned, formed one tract, constituting said original purchase; and that they were owned by Battle and wife in the same proportions as the tract sought to be partitioned.

Statement: Plaintiff below averred that her husband bought a tract of land in Wharton county, and paid the purchase-money in part with funds of her separate estate, held in trust by him for her benefit under her father's will; that he afterwards, in 1875, went into bankruptcy, under the United States laws, and scheduled said land as his property, calling it 2,600 acres of land, more or less, in Wharton county; that 200 acres of the tract scheduled were not administered in said Bankrupt Court as part of the estate of O. L. Battle, but were reserved to his family by the Constitution and laws of Texas as a homestead; that O. L. Battle's interest in the remainder of the tract was sold at public sale by his assignee in bankruptcy, and bought by John and Sears with notice; that they refused to recognize her interest, and consent to a partition with her. (Const. 1869-'70, art. 10, sec. 15; 2 Paschal's Dig., p. 1124; Id., art. 6994, p. 1427; Wilson *v.* Cochran *et al.*, 31 Tex., 677, 679, 680; U. S. Rev. Stat., sec. 5045; *In re* Lambert, 2 Bank. Reg., 426; Rix *v.* Capitol Bank, 2 Dillon, 367.)

Proposition two under third error assigned: Plaintiff below did seek to hold said 200-acre homestead subject to her claim, as far as she was bound in law to do, by offering to take an interest in it in the same proportion as claimed in the tract sought to be partitioned.

Statement: Plaintiff averred that she was entitled to two-

sevenths of the land conveyed by the bankrupt assignee to John and Sears, and two-sevenths of the said homestead; and prayed that her proportion of the latter be set apart to her, to be held subject to the homestead rights, together with two-sevenths of the tract sold at bankrupt sale. (Willis v. Matthews, 46 Tex., 478; U. S. Rev. Stat., sec. 5045.)

The sixth assignment is as follows: The court erred in holding that she should set forth in her pleadings that the said homestead is not of sufficient value to satisfy her interest in said land, and that she should set forth reasons why she does not seek to subject said homestead to her rights.

Proposition one under sixth error assigned: The assignee in bankruptcy sold to John and Sears such interest as Battle had at the time of commencing the proceedings in bankruptcy, in that portion of the land outside of the homestead which was subject to Battle's general debts; and John and Sears were subrogated only to the rights of said general creditors, and had no equities as against the homestead.

Statement: Plaintiff alleged that Battle scheduled the land in the Bankrupt Court as his own; that out of it a 200-acre homestead was reserved to his family by the Constitution and laws of Texas, and was not administered in the court; and that the remainder of the scheduled land was sold under order of the Bankrupt Court by the assignee of Battle, and of Battle, Sicklen & Co., (a firm of which he was member, which went into bankruptcy with him,) at public sale, to satisfy the debts of Battle and of said firm, and was purchased by John and Sears with notice of her rights, and that the assignee conveyed to John and Sears the right, title, and interest which Battle held in the land sold at the time of the commencement of the proceedings in bankruptcy. (Const. 1869, art. 10, sec. 15; Paschal's Dig., art. 6994, p. 1427; Willis v. Matthews, 46 Tex., 478; U. S. Rev. Stat., arts. 5044, 5045; In re Hambright, 2 Bank. Reg., 498; Rhoades v. Blackiston, 106 Mass., 334, 336; Blin v. Pierce, 20 Vt., 25; Mackay v. Aldus, 3 Bank. Reg., 50; Ray v.

Norseworthy, 23 Wall., 128, 137; Bump on Bank., 9th ed., pp. 480, 494, 510, 511.)

*M. C. McLemore,* for appellee.

I. As a co-tenant of her husband in the entire tract, Mrs. Battle cannot seek a partition with his vendees of a part of the land, without making her husband an adversary party, and seek to subject the entire tract to partition. (1 Wash. on Real Prop., 582, 428; Freeman on Co-tenancy and Partition, sec. 508, pp. 506–508; Bigelow *v.* Littlefield, 52 Me., 25; Sutter *v.* San Francisco, 36 Cal., 116; Hanson *v.* Willard, 12 Me., 145; Miller *v.* Miller, 13 Pick., 237.)

II. A co-tenant of an entire tract cannot obtain partition by fragments with the several co-tenants separately, having respect to the parts occupied by each. The entire tract must be partitioned at once, with reference to the rights and equities of the several co-tenants. (1 Wash. on Real Prop., secs. 428, 429, p. 581; Freeman on Co-tenancy and Part., *supra,* sec. 508, and same references as *supra;* Gates *v.* Salmon, 35 Cal., 588.)

III. The assignee in bankruptcy sold the land sought to be partitioned, subject to the claim of Mrs. Battle as co-tenant of the entire tract, including the homestead; and the purchasers, John and Sears, claim the land bought as O. L. Battle would on partition with his wife. Appellees do not claim equities against the homestead, but the land bought by them from the assignee in bankruptcy, who had the same right to sell as O. L. Battle. (McKey *v.* Welch, 22 Tex., 396, *et seq.;* Dorn *v.* Dunham, 24 Tex., 366; U. S. Revised Stat., 5046; Stark *v.* Barrett, 15 Cal., 370, and California Reports as above; Lessee of White *v.* Sayre, 2 Ohio, 112; Ebenezer Prentiss' Case, 7 Ohio, 413; Campau *v.* Godfrey, 18 Mich., 32; Robinett *v.* Preston's Heirs, 2 Rob., (Va.,) 278; Barnhart *v.* Campbell, 50 Mo., 599.)

IV. The sixth special exception was based upon the fact that the 200 acres of land occupied as a homestead were

nevertheless a part of the entire tract for the purposes of the partition sought by Mrs. Battle, and John and Sears sought not to disturb the enjoyment of its occupancy in the partition, but insisted that partition should not be had at all, unless it should be made to appear in the partition that the 200 acres were not sufficient to satisfy the interest of Mrs. Battle.

MOORE, ASSOCIATE JUSTICE.—This suit was brought by the appellant, Mrs. Martha S. Battle, against her husband, O. L. Battle, (who refused joining her in the action,) and the other appellees, N. N. John and H. H. Sears, to try title, and have partitioned and set apart to her in severalty, as her separate estate, two-sevenths of a tract of 2,500 acres of land, the whole of which said John and Sears claim to own, by purchase from the assignee of O. L. Battle, a bankrupt.

Appellant alleges, in her original and amended petitions, that the tract of land in question, when purchased by her said husband, contained 2,600 acres; that title to it was taken in his name, but that two-sevenths of the purchase-money paid for it was her separate estate; and that she thereby acquired a like interest in the land. It is further alleged, that appellant and her said husband went into possession of said land, and established thereon their homestead; that afterwards, to wit, in 1875, said O. L. Battle, her husband, was adjudicated a bankrupt, and scheduled the whole of said land as his property, but that 200 acres of the tract scheduled, being the homestead of said O. L. Battle and his family as aforesaid, was not administered in the Bankrupt Court, but reserved and set apart to him, by the Constitution and laws of this State, as a homestead; that no right or interest therein passed to or vested in his assignee; that only the interest of the bankrupt in the remainder of the tract, after segregating said homestead from it, was or could be legally sold by the assignee; that said John and Sears purchased the land sold by said assignee with full notice of appellant's interest in it, but that they had taken possession of the entire tract, though they

had purchased merely the interest of said O. L. Battle, and refused to recognize appellant's right, or to consent to partition the land with her.

The appellees, John and Sears, filed, in answer to the petition, a general demurrer and six special exceptions, all of which, except the last exception, were overruled. The sixth exception, sustained by the court below, is substantially as follows, to wit: That the petition shows that O. L. Battle is possessed in his own right in fee of 200 acres of the land originally purchased, together with valuable improvements made thereon; and it does not appear from the petition that said 200 acres are not of sufficient value to satisfy plaintiff's claim in the entire tract originally purchased by her said husband, in which she claims to be interested, and that no reason is given why she does not seek to hold said 200 acres subject to, and in satisfaction for, her claim.

The case having been advanced and submitted for decision upon briefs and arguments, in conformity with the rules recently adopted by the court, it is only necessary for us to consider such of the questions presented by the briefs as will suffice for its proper determination.

All the propositions or specific grounds of error insisted upon by appellant's counsel refer either to the third or sixth assignments of error. The third error assigned is: "The court erred in sustaining said sixth special demurrer and exception to the original and two amended petitions of plaintiffs, filed in said cause." And the sixth exception is: "The court erred in holding that she should set forth in her pleadings, that the said homestead is not of sufficient value to satisfy her interest in said land; and that she should set forth reasons why she does not seek to subject said homestead to her rights." While these assignments present the ruling of the court, which is the matter of complaint in different phases, they substantially bring up for our consideration the same ground of error. So, likewise, the several propositions presented under them by appellant are rather conclusions from

principles of law, or argumentative deductions from matters of fact tending to show error in the ruling of the court, than specific errors or propositions of law or fact, included in the general terms of the assignment under which they are ranged. When this is the case, the proposition, whether it refers to matter of law or fact, would find its more appropriate place, either in the argument or the statement, to show that the proposed error relied upon is warranted by the record, and should lead to a reversal of the judgment. These remarks are not made as a critique upon the brief, but in the hope of simplifying the presentation of cases under the rules, and to indicate the obvious necessity, as well as advantage, of clear and definite statements of the points or propositions of error, whether in regard to matters of law or fact, relied upon for their reversal.

The propositions presented by appellant's counsel, unquestionably, are embraced in the assignments of error relied upon for the reversal of the judgment; but all of them may, as we think, be comprehended by the single proposition, that the court erred in holding, as it did in effect, that appellees' sixth special exception to the petition, although appellant may have been entitled to two-sevenths of the entire 2,600 acres of land, still she could not have a partition between herself and the defendants, John and Sears, without showing that the interest of her husband, O. L. Battle, in the 200 acres constituting their homestead is not of sufficient value to satisfy her claim in or to the entire original tract, and without seeking to have said 200 acres subjected to the satisfaction of her interest.

That the court erred in its ruling upon this exception, is, to our minds, so apparent as scarcely to admit of discussion. It is attempted to be sustained by counsel for appellees by an ingenuous and acute argument, supported by a citation of numerous authorities, which, it is claimed, maintain the propositions for which he contends. Our respect for his learning and ability, and the earnestness and evident confidence

in their correctness with which he urged his view upon the court, have induced us to make a careful and thorough examination of all cases to which we have been referred.   In the main, they announce, in general terms, the almost universally-recognized and well-approved doctrine, that a tenant in common cannot ordinarily enforce a partition of a part of a common estate, but must go for a partition of the entire estate, if he would divide any.   (Wash. on Real Prop., 428; Freem. on Co-tenancy and Part., sec. 508; Bigelow *v.* Littlefield, 52 Me., 25; Sutter *v.* San Fransisco, 36 Cal., 116; Hanson *v.* Willard, 12 Me., 145; Miller *v.* Miller, 13 Pick., 237; Gales *v.* Salmon, 35 Cal., 588.)   An examination of the cases cited, shows that very many, if not a majority of them, lay down this general rule by way of answer to the claim of the purchaser from one tenant of a specific part of the land to have a partition of that part of the tract to which his deed refers. It by no means follows, however, that if the remaining tenants acquiesce in the sale by one of the co-tenants of his interest in a specific part of the tract, partition might not be had of such part, without making partition of the entire tract. No doubt the suit for partition should embrace the whole tract held by the co-tenants among whom it is to be divided, and all persons interested in its result must be made parties. Yet, unquestionably, those who do not wish to sever the relation are not required to do so because others wish to hold their portions of the land in severalty.   (Freeman on Cotenancy, sec. 508.)   It would seem to follow, if some of the parties have no interest, either legal or equitable, by estoppel or otherwise, in a portion of the tract, they cannot object because partition is not sought of such portion, especially when all parties interested in the entire tract are before the court.

It is certainly unnecessary to controvert or deny the correctness of the principles announced in any of the cases cited by appellee's counsel; for, admitting the law to be correctly laid down in them, the difficulty which appellees have to

encounter is that it is wholly inapplicable to this case. There is no tenancy in common between parties to this suit in the homestead of appellant and her husband and the 2,500 acres she seeks to partition. In the last, the entire interest of the husband has passed to John and Sears; while in the homestead tract they have no interest whatever, either legal or equitable, vested or contingent, present or in future. To hold otherwise, would strike a fatal blow at the very basis of our homestead system, and the rights and immunities secured to families by it, as they have been defined and expounded in previous decisions of the court.

The homestead may be community property, or the separate estate of either husband or wife. No matter whether the land is owned in the one way or the other, its appropriation as a homestead will not change or affect its title, except in so far as this is necessary, in order to secure and give effect to the privileges and immunities guaranteed to the heads of families and surviving widows and children by the Constitution, and statutes upon the subject. (Willis v. Matthews, 46 Tex., 478.) It is of no moment to which of the spouses the homestead belonged, or whether they may be jointly or severally entitled to it, creditors have not, and can in no way, directly or indirectly, acquire, any interest in or to it by judicial or forced sale. But if the homestead of the family is upon a tract of land of more than two hundred acres, whether the tract is common property, or belongs exclusively to the husband, or to him and his wife as tenants in common, the interest of the husband in that part of it not included within the homestead may be sold for the satisfaction of his debts, either on execution, or by the Bankrupt Court; and such sale works no change upon the title or interest of the husband in the homestead. (Willis v. Matthews, 46 Tex., 478.) It is, however, unquestionably, otherwise as to that part of the tract sold. The husband's interest in it is completely divested out of him, if, before he held in common with others, the purchaser becomes tenant in his stead; but he does not become

a tenant in common in the homestead which has not been sold. There is no analogy between cases of this kind and the case of Bigelow *v.* Littlefield, 52 Me., 25, cited in support of the ruling of the court below on the exception. There, the purchaser paid a full and adequate price for the entire tract conveyed, and supposed he was buying the entire land. Here, the purchaser bought with knowledge of appellant's interest, and is charged with knowledge, that however small may be the interest of the husband, the court cannot, either directly or indirectly, increase it out of the husband's interest in the homestead. This evidently would not be the case, if the purchaser could require the wife, as the court has here done, to look to the interest of the husband in the homestead in lieu of her interest in the remainder of the tract. By doing so, the statute exempting the homestead from the payment of debt, is not only in effect repealed, but the purchaser gets the full value of the husband's interest in it, though he has neither purchased nor paid for it.

The segregation of excess in the tract over and above the two hundred acres constituting the homestead, by its sale, as completely separated the original tract into two distinct parcels, as if they had never been united; and if the division line between them was marked and defined, it would be unnecessary, in a suit for partition of the land sold, to make any reference whatever to the title or ownership of the homestead tract.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.