[Opinion adopted March 6, 1883.]

---

## N. N. JOHN ET AL. v. MARTHA S. BATTLE.

(Case No. 342–1346.)

1. FOLLOWING TRUST FUNDS OF MARRIED WOMEN.— A married woman brought suit in which her husband refused to join, against purchasers of a tract of land sold at public sale by the assignee in bankruptcy of her husband as the property of the bankrupt. She alleged that the land, though originally purchased and conveyed to her husband, was paid for in part with her separate funds inherited from her father, and held in trust under his will by her husband for her benefit. She sued to establish her title, and for partition between the purchasers at the bankrupt sale and herself, asking that an interest in the land should be set aside to her, which should bear the same ratio to the entire tract that the amount her separate property contributed to the estate did to the entire purchase money. *Held*,

(1) Purchasers with notice at a bankrupt sale, made under bankrupt proceedings against the husband, could acquire no right to the wife's equitable interests in the land.

(2) After the refusal of the husband to join his wife in the suit, she was entitled to sue alone.

(3) Public notice given at the bankrupt sale that the wife claimed an interest in

the land, and that whoever purchased it bought subject to that interest, charged the purchaser with notice of the character of her title.

(4) The allegation in the wife's petition that her husband held a specified amount of money as a trust fund for her benefit, obtained by him under a trust created by her father's will, was a sufficient description of the trust.

(5) The fact that a rural homestead, situated on the tract of land sold, was reserved and set aside to the husband for the family at the bankrupt sale, could not affect the wife's right to have full satisfaction of her trust funds invested in the entire tract of land out of the remainder of the tract sold.

(6) A decree allowing the purchasers at bankrupt sale the benefit in partition of all their improvements made since their purchase, by crediting them with their value or rent due the wife for use and occupation after their purchase, was not error of which the purchasers could complain.

(7) A decree partitioning to the wife such a proportion of the entire tract sold as the amount of trust funds invested bore to the entire original purchase money paid by the husband, was proper.

2. FRAUD — MARRIED WOMEN.— The rule which construes as constructive fraud the silence and acquiescence of one who permits, without objection, a third person to acquire interests in his property to the pecuniary loss of such person, on the faith that it belongs to another, will not be strictly applied to a married woman in reference to the dealings of her husband with her property.

APPEAL from Wharton. Tried below before the Hon. Wm. H. Burkhart.

Appellee, wife of O. L. Battle, who refused to join in the suit, sued her husband and John and Sears, appellants, in trespass to try title and partition, to recover and have set apart to her an interest of two-sevenths, her separate property, in a tract of land consisting of about two thousand six hundred acres. O. L. Battle did not answer. John and Sears filed general demurrer, and five special exceptions, which will be stated hereafter, which were overruled, and the cause submitted to a jury, who found for the appellee to the effect that appellee invested $3,750 in the land, and that the rental value of it was $2 per acre for six hundred acres, and valued the improvements put on it by appellants at $6,000. Judgment was accordingly rendered for Mrs. Battle for five twenty-sevenths of the land; that it be partitioned accordingly, and the improvements be set off against the rental value. The purchase money of the land, including principal and interest, was $20,250. A motion for a new trial by appellants was overruled, and they have assigned errors and brought the case by appeal to this court.

This case was before this court on the appeal of Mrs. Martha S. Battle, who is now the appellee, in the year 1878, and the decision is reported in 49 Tex., 207, where is to be found a full statement of the case as it was then presented, embodied in the opinion. The pleadings in the cause have not since that time undergone any

change, and reference is made to the reported case as containing a satisfactory synopsis of the case on this appeal, except in so far as is necessary to supplement it by statements of the record pertinent to certain of the errors assigned.

The petition alleged that appellee's husband, O. S. Battle, bought the tract of land and gave his note for the purchase money, secured by mortgage on it, and paid for the land, taking up the notes and canceling the mortgage in part with the funds of her separate estate, held in trust by him for her benefit under her father's will; that he afterwards, in 1875, went into bankruptcy under the United States laws, and scheduled the land as his property, calling it two thousand six hundred acres, more or less, in Wharton county; that two hundred acres of the tract scheduled were not administered in the bankrupt court as part of the estate of O. L. Battle, but were reserved to his family by the constitution and laws of Texas as a homestead; that O. L. Battle's interest in the remainder of the tract was sold at public sale by his assignee in bankruptcy, and bought by John and Sears, with notice of Mrs. B.'s rights; and that the assignee in bankruptcy conveyed to John and Sears the right, title and interest which Battle held in the land sold at the time of the commencement of the proceedings in bankruptcy. She claimed that she was entitled, by reason of the amount of the money which she contributed out of her separate estate towards the payment for the land and taking up the purchase money notes and mortgage, to a two-sevenths interest in the whole tract, including the homestead, her contribution being some $5,300, and the whole purchase money being something over $19,000. She further alleged that appellants refused to recognize that she had any interest in the lands and to partition with her, and prayed to recover and establish her interest, and for partition.

To the petition appellants filed a general demurrer, which was overruled, which ruling the appellants assigned as error.

The first special exception was to the effect that the petition failed to show a sufficient reason why Mrs. Battle should be allowed to sue without and against her husband's consent and make him party defendant. The petition alleged that her husband refused to join her as plaintiff in the suit, and hence she sued alone and made him defendant.

The second special exception was to the effect that the petition failed to show an insufficient title in appellants to the whole of the lands in controversy, but, on the contrary, showed that she had no right to question the title by reason of anything said or done by

her at or before the bankrupt sale. The petition alleged that at the sale and before any bids for the land were made, plaintiff gave notice to the persons there assembled that she claimed an interest in the property, and that whoever purchased it bought it subject to that interest. Whereupon the same was then and there bid off and purchased by John and Sears, with full notice of plaintiff's rights to the lands.

The third special exception was that the petition did not sufficently state in what manner nor for what purpose Mrs. Battle's husband held in trust her money, alleged to have been invested in the land. The petition alleged that Mrs. Battle's father devised and bequeathed to her a large amount of property to be held in trust by her husband for her sole and separate use and benefit, and not to be subject to his debts, defaults or contracts, and that after due probate of his will and administration of it, her husband received under and by virtue of it a large amount of money and property in trust for her benefit according to the provisions of the will; and that the $5,300 invested by him in said land was a portion of the trust fund thus received.

The fifth exception was that plaintiff stood by and allowed her husband to acquire two hundred acres of the land as his homestead or head of a family, under the bankrupt proceedings, and recognized his title thereto, and does not seek to disturb his possession in this suit. Plaintiff's amended petition of December, 1877, alleged that this homestead of two hundred acres was not set apart to O. L. Battle by the bankrupt court nor administered therein as part of his estate, but was reserved to the family of said Battle, including herself and children, by the constitution and laws of Texas, and not by her procurement, and prayed that two-sevenths of the homestead as well as of the remainder of the tract be set apart to her.

These special exceptions were overruled, and the action of the court in so doing was assigned as error. Other grounds of error assigned are stated in the opinion.

No briefs on file for appellant.

*Chas. Cleveland*, for appellee.

. . . IV. The verdict of the jury being generally for the plaintiff, with a qualifying clause stating the amount of her separate property invested in the land, and the rental value of the same, together with the value of the improvements placed thereon by defendants, as required by the charge of the court, it was proper to

render judgment for her that she recover of appellees an interest in the land bearing the same ratio to the entire tract that the amount her separate property contributed towards the purchase did to the entire purchase money.

The verdict of the jury was: "We, the jury, find for plaintiff; we, the jury, believe that M. S. Battle invested ($3,750) three thousand seven hundred and fifty dollars in said land in 1856, and further believe that the rental value is ($2) two dollars per acre, six hundred acres, and we further value the improvements put on by defendants at ($6,000) six thousand dollars."

The judgment, after reciting the verdict, recites further that by agreement of parties the amount of purchase money paid for the land, including principal and interest, was $20,250, and that defendants had had exclusive possession of the land, using and occupying the same for five years, since their purchase at bankrupt sale, and hence decrees that she is entitled to five twenty-sevenths of the land, establishes her right to that proportion, and decrees partition accordingly. Darden v. Matthews, 22 Tex., 320; Smith v. Johnson, 8 Tex., 412; Avery v. Avery, 12 Tex., 54; Pearce v. Bell, 21 Tex., 688; Battle v. John, 49 Tex., 203; Claiborne v. Tanner, 18 Tex., 68; Shephard v. White, 11 Tex., 357; Love v. Robertson, 7 Tex., 9; Bennett v. Cocke, 15 Tex., 67; Parks v. Willard, 1 Tex., 350; Cheatham v. Dunham, 21 Tex., 245; Friedlander v. Geiser, 2 Woods' C. C. Rep., 675; 2 Perry on Trusts, § 678; 2 Bishop on Married Women, § 117; McGowan v. McGowan, 14 Gray, 119; Levinson v. Aldrich, 5 Cush., 431; Brisbane v. Provortz, 14 La. Ann., 165; McIntosh v. Smith, 2 La. Ann., 756.

V. There was no presumption of law to be drawn from the evidence that Mrs. Battle had made any election whatever until the commencement of this suit, and she was not estopped from claiming a resulting trust as against the creditors of O. L. Battle in the bankrupt proceedings.

It was proved that this trust money was to be invested in Texas lands, and that Mrs. B. gave her consent to the sale of other property to raise money, on condition that it was to be thus reinvested in Texas land, and that it was so invested by her husband. The identical money received was traced into the purchase money of the land.

The land was scheduled as Battle's property when he went into bankruptcy, Mrs. Battle being ignorant of the transaction. She gave notice of her rights and interest in the land when offered for sale, and that whoever bought purchased subject to her interest.

Mrs. Battle put in no claim of indebtedness against her husband's estate in bankruptcy. Authorities same as heretofore referred to; also Miller v. Thatcher, 9 Tex., 842; James v. Fulcrod, 5 Tex., 512; Mead v. Randolph, 8 Tex., 191; Perry on Trusts, §§ 128, 678; Martin v. Taylor, 32 Ohio St.; Haiden v. Haiden, 2 Sandf.. MSS., p. 17; Beaman v. Cork, 14 Ill., 501.

WALKER, P. J. COM. APP.— The general demurrer was properly overruled. The plaintiff set forth in her petition a good cause of action. The assignment in bankruptcy by her husband did not have the effect to pass any greater interest in the land than was owned by him as his separate property, and that which he held in community with his wife. Her rights in the land in virtue of her separate estate were not affected by virtue merely of the bankrupt proceedings against her husband, and the purchasers under the bankrupt sale did not acquire her interest, unless they did so as purchasers without notice of the existence of that interest. The assignee in bankruptcy sold only such right or title to the property as was vested in him as the representative of the bankrupt, and he sold it subject to such rights of others, or of incumbrances upon it, as existed at the time of the sale. Ray v. Norseworthy, 23 Wall. (U. S.), 136. It is said by Judge Clifford in that case, that there is no well considered case which gives any support to the proposition that the judgment, order, sentence or decree of a court disposing of property subject to conflicting claims will affect the rights of any one not a party to the proceeding and who was never in any way notified of the pendency of the proceeding.

The husband refusing to join the wife in her suit to recover her separate property, she was entitled to sue alone; the petition disclosed that state of case, and the first special exception was properly overruled. Chappel v. McIntyre, 2 Tex., 378; Wallace v. Finberg, 46 Tex., 45, 46; Dismukes v. Edwards, 53 Tex., 605.

The second special exception is not maintainable. The defendants bought with actual notice, according to the petition, which alleged that the plaintiff "claimed an interest in the property, and that whoever purchased it bought it subject to that interest." This was actual notice of an asserted title to an indefinite interest claimed by her, and it was sufficient to put a purchaser on inquiry to ascertain the character and quantity of her interest (Hines v. Perry, 25 Tex., 452), and whatever is sufficient to put a party upon inquiry is notice. " It is a well established principle, that whatever is notice enough to excite attention and put the party on his guard and call

for inquiry, is also notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation." 2 Spence's Equity Jurisdiction, 756; 1 Story's Eq., §§ 400, 401. The petition alleged that the notice was given by the plaintiff at the sale, before any bids were made, to the persons there assembled, and that defendants had full notice of her rights to the land when they bid for and purchased it. The exception admitted the truth of these facts, and notice to the purchasers of the plaintiff's rights in the land had the effect to remove any objection under the law against the assertion of her claim to an interest in it by reason of the legal title having been vested in her husband. See Hines v. Perry, *supra;* Parks v. Willard, 1 Tex., 350, 354; Powell v. Haley, 28 Tex., 57; Bennett v. Cocke, 15 Tex., 71; 1 Story's Eq., secs. 395–400.

It is a sufficient answer to the third special exception to the petition to say that, as between the husband, who was trustee under the will of the moneys and property of the wife which were bequeathed to her by her father's will, and said wife, who was the *cestui que trust,* it is not necessary to inquire, so far as her right to follow the investments of the money into other property, beyond the fact of the existence or not of such trust relation. The objection which the special exception presents is, that the plaintiff fails to state in her petition "any matter or thing with legal sufficiency as to the trust capacity in which her said husband is alleged to have held any moneys of hers which are claimed to have been invested in said land in controversy, in this, that it is not therein made to appear how or in what manner her said husband held said moneys in trust, nor for what purpose, if so held at all." It is sufficient that he held such moneys as a trust fund for her benefit and use, obtained as such under a trust created under her father's will, even though no other or more specific direction had been given by the will than thus to hold the bequests for her sole and separate use and benefit, in order to confer on her a right to have it respected, and to ask, if necessary, its enforcement in a court of equity.

The petition alleged "that Mrs. Battle's father devised and bequeathed to her a large amount of property to be held in trust by her husband for her sole and separate use and benefit, and not to be subject to his debts, defaults or contracts, and that after due probate of said will and administration of it, her said husband received under and by virtue of it, a large amount of money and property in trust for her benefit according to the provisions of said will; and that the $5,300 invested by him in said land was a portion of the trust fund thus received."

Under such a trust as was thus created, a specification in the petition stating circumstantially in what manner or for what purpose plaintiff's husband held her moneys in trust, is by no means essential to show the plaintiff's right as *cestui que trust* to follow her funds which had been invested in land by her trustee, and to save from loss and destruction her interest in it.

It is the general doctrine of equity that " whatever acts are done by trustees in regard to trust property shall be deemed to be done for the benefit of the *cestui que trust*, and not for the benefit of the trustee. . . . And if a trustee should misapply the funds of the *cestui que trust*, the latter would have an election either to take the security or other property in which the funds were wrongfully invested, or to demand repayment from the trustee of the original funds." 2 Story's Eq., sec. 1211. See also 2 Perry on Trusts, sec. 678.

The grounds of the fifth special exception to the original petition are superseded by the plaintiff's amended petition, which embraces within her suit for partition of the land purchased by the appellants, the two hundred acres constituting the homestead portion of the entire tract, and which alleges in legal effect that her husband did not acquire said two hundred acres, homestead portion of the land, as against her interest therein, but had remained from the first, by operation of the constitution and laws of the state, reserved as the homestead of the family of her said husband and herself.

In respect to the two hundred acres constituting the homestead, the appellants acquired no interest, neither was any lost in it to the husband in consequence of the sale in bankruptcy; it became insulated, so far as the husband was concerned, when the purchase was made by the defendants, and the wife had a right to cause a partition to be made between herself and the defendants as to the interest which they had acquired in the remainder of the land, and to pretermit, if she saw proper to do so, making a partition between herself and her children of the homestead tract. Partition being an equitable proceeding, if the plaintiff had not seen proper to bring into the partition the homestead tract, facts might exist in such case which would require, nevertheless, that her interest in it should be ascertained and estimated, in order to do full justice to those who held in common with her. See Story's Eq. Jur. (12th ed.), sec. 656*c*. But it is not necessary to go further into the doctrines which govern the subject, as the pleadings do not require it. Const. 1869, art. X, sec. 15; Pasch. Dig., art. 6994; Battle *v.* John, 49 Tex., 202; Willis *v.* Matthews, 46 Tex., 478.

The objection which appellees' counsel make in their brief to ap-

pellant's second assignment of error, which is as follows: "The court erred in not granting a new trial on the grounds stated in the application therefor," must be sustained. Carter *v.* Roland, 53 Tex., 544; Pearson *v.* Flannegan, 52 Tex., 276; Flannegan *v.* Womack, 54 Tex., 45.

The third assignment of errors is that "the verdict of the jury was against the law and the evidence, in this, that the evidence wholly failed to show any legal or sufficient notice to N. N. John and H. H. Sears of the claim of said plaintiff before they acquired their rights in, to and about the land in controversy, and that such claim was not known to them, but was concealed from them till after said John and Sears had acquired their rights in, to and about all the land in controversy.

The notice alleged to have been given at the sale was fully proved at the trial, and there was evidence to establish the fact that Mrs. Battle informed defendant John at some time, but perhaps not prior to the sale made by the assignee in bankruptcy to the defendants, that she owned an interest in the land. If the testimony of defendant John tended to prove concealment by Mrs. Battle from him of her interest, that of Mrs. Battle tended to rebut the inference of a suppression by her of that fact under such circumstances as called upon her to disclose the same to him. At the earliest stage of negotiation between Hendley & Co. and O. L. Battle, having in view the securing of their debt, the latter proposed to give a lien on the plantation portion of the tract of land in question by a deed of trust. Shortly afterwards, the plaintiff, in a conversation with the defendant John, expressed to him her satisfaction at that arrangement, of which she had been advised by her husband, and then she said nothing to him concerning her interest in the plantation. The entire tract consisted originally of three thousand three hundred and twenty-one acres, but now of two thousand six hundred, including the homestead; and Mrs. Battle testified in regard to the conversation above mentioned, in effect, that she did not say anything about her interest in the land, because she was willing to dispose of one thousand acres of the land and certain property in Waco in order to satisfy the debt due to Hendley & Co. The proposition to make the settlement contemplated at that time was withdrawn, and afterwards a written agreement was entered into between Hendley & Co. and O. L. Battle, John Ficklin and Chas. I. Battle, late partners under the firm name of Battle, Ficklin & Co., in their capacity of late partners, and O. L. Battle in his individual capacity, stipulating that they should take the benefit of the bankrupt law

in consideration of certain pecuniary advantages to them to be afforded by said Hendley & Co. in carrying out that object. In pursuance whereof, O. L. Battle went into bankruptcy and scheduled the entire tract of land, two thousand six hundred acres, as his property, which was sold by the assignee in bankruptcy under order of court. Until bankruptcy proceedings were instituted and the land thus scheduled, it is not pretended that Mrs. Battle had any conversation with the defendants or either of them, or that any circumstance transpired relating to the interest of, or which might affect· the action of the defendants in respect to any matter that called upon her to make any declaration in respect to her interest in the land.

The second interview between defendant John and Mrs. Battle was after her husband had filed his schedule in the bankrupt court, whether before or after the sale is not stated, but it was probably after the sale was made. On that occasion she avowed her interest in the land.

It was a legitimate duty of the jury to determine, as a fact, whether Mrs. Battle did or not fraudulently conceal or mislead the defendants as to her interest in the land. If, under the circumstances which surrounded her at the first interview with defendant John, she might have remained silent as to her interest without misleading him concerning any fact involved in the propositions pending between Hendley & Co. and her husband for securing the · former in their debt, a fraudulent intention to conceal facts could not be properly imputed to her. Her conduct, according to the evidence, was not necessarily inconsistent with fair dealing and an honest intention, and the jury had a right to so find under the evidence.

The duties which her marital relation imposed on her in respect to yielding to her husband the control of her separate property without impeachment by her of his honor and integrity, and to approve by her silence and acquiescence his right to do whatever to him might seem proper for its management and control, are recognized by the law as having the effect to place her under a greater degree of protection against her silence and seeming acquiescence in respect to the dealings of third persons with her husband concerning her interests, than is allowed to other persons under the rule of law that construes as constructive fraud the silence and seeming acquiescence of one who permits, without objection, a third person to acquire interest in his property to his pecuniary loss, on the faith that it belongs to another person. Parks v. Willard, 1 Tex., 354–362, and authorities there cited; Bennett v. Cocke, 15 Tex., 71.

In the absence of fraud on the part of Mrs. Battle, the circumstance of her mere passivity and silence under the facts proved, especially as it does not appear that she even knew of her husband's intention to settle with Hendley & Co. under the consummated written agreement that he would go into bankruptcy, until after he returned to his home, and, as she testified, after he informed her of its terms to her great surprise, warranted the conclusion that her acts, or rather her non-action and silence in regard to her ownership of two-sevenths interest in the land, until it was about to be sold, did not estop nor preclude her from asserting her title.    Morton v. Lowell, 56 Tex., 645, 646.

The fourth assignment of error is: "Because, under the verdict, the said plaintiff should not have been allowed to recover as against the creditors of O. L. Battle, and particularly not as against N. N. John and H. H. Sears, who had advanced money and given credit on the faith of the record title in O. L. Battle long before said plaintiff disclosed any interest in the land, and before she had made her election as against her husband, and of which said John and Sears were ignorant."

The verdict of the jury was: "We, the jury, find for plaintiff; we, the jury, believe that M. S. Battle invested ($3,750) three thousand seven hundred and fifty dollars in said land in 1856, and further believe that the rental value is ($2) two dollars per acre, six hundred acres; and we further value the improvements put on by defendants at ($6,000) six thousand dollars."

The judgment, after reciting the verdict, recites further that by agreement of parties the amount of purchase money paid for the land, including principal and interest, was $20,250, and that defendants had had exclusive possession of the land, using and occupying the same for five years, since their purchase at bankrupt sale, and hence decrees that she is entitled to five twenty-sevenths of the land, establishes her right to that proportion, and decrees partition accordingly.

The facts found by the jury, in connection with the agreement of parties recited in the decree, would be meaningless under the rules of law laid down in this opinion as applicable to the rights of the plaintiff, unless they do afford the proper basis for a decree of partition between the plaintiff and defendants according to the respective equities of the parties as indicated by the verdict.

Appellants have not submitted any brief on this appeal, and we are left to infer from the record that the point is designed to be made under this assignment, that the money advanced and the credit

given, which is referred to in it, has reference not to the cost of improvements put upon the land by the defendants (which were placed there after their purchase at the bankrupt sale), but to $1,000 or $1,200, which defendant John testified defendants paid out in pursuance of the written agreement between O. L. Battle and Hendley & Co. to induce said Battle and his partners to go into bankruptcy, which payments, he stated, were made before any notice was given by Mrs. Battle on the day of sale. It is obvious, under the views we have expressed, that the title of Mrs. Battle was not affected by such advances or such credit given by defendants to her husband on the faith of his supposed exclusive ownership of the land. See Morton v. Lowell, 56 Tex., 645.

The most favorable view of the facts applicable to the case on account of such advances cannot be referred to defendants' right to claim title to the land thereby, for the agreement referred to had no relation to the sale to them of the land, nor to incumbering it even by a lien for the security of such advances or other debt. The issues in the case did not involve the determination of any right or title to the land in virtue of such advances, and no finding by the jury concerning them was essential, nor could it, if included in the verdict, have afforded the basis of a decree in favor of the defendants. The decree allowed to the defendants the benefit of all the improvements they had placed upon the land, by crediting them with an equal amount on rent due to the plaintiff for use and occupation since their purchase, and the decree was rendered in all respects in conformity with equitable principles and the basis furnished by the verdict.

The sixth assignment of error is: "Because, under the evidence, the presumption of the law was that the plaintiff did not elect to claim a resulting trust in the land sought to be charged until after she was estopped to do so as against the creditors of O. L. Battle in the bankrupt proceedings."

This proposition is based upon the erroneous hypothesis that Mrs. Battle had been estopped to claim her interest in the land as against the creditors of O. L. Battle in the bankrupt proceedings. She was not estopped, nor do the facts of this case involve a question as to her duty to have made an election of remedies to obtain her rights, nor of her having, in fact, at any time made an alternative selection of remedies as against her husband, to determine whether she would proceed in bankruptcy for her monied interest or to claim the land. The facts do not present the case of a controversy or claim against her husband for misappropriation or maladministration of her funds,

or of any dispute or difference between her and her husband in respect to her interest in the land, and she was not involved in a position which rendered it necessary to elect as to remedies against him. At the first appropriate time for asserting her right to the land she did so, and the notice given by her entitled her to maintain it against the purchasers of the land, and no question of election or of estoppel is involved in the case. See Perry on Trusts, vol. 1, secs. 128, 678; Miller *v.* Thatcher, 9 Tex., 842; James *v.* Fulcrod, 5 Tex., 512; Beaman *v.* Cork, 14 Ill., 501.

There appearing no error in the record for which the judgment ought to be reversed, the proper disposition of this appeal is to affirm it.

AFFIRMED.

[Opinion approved March 9, 1883.]

Chief Justice WILLIE did not sit in this case.