LUTHER M. KOON, *et al.*, *Appellants*, v. WILEY H. KOON, *Appellee*.

1. As a general rule a cotenant cannot enforce a partition of a part only of the common lands, leaving the rest undivided; but the entire property should be included in the proceedings for partition.

2. A partition suit is not the proper proceeding in which to settle a disputed title, though whenever the case is properly one of partition, one whose *bona fide* object is the partition of lands between *common owners* thereof one or more of whom are complainants and the others are defendants, and they or some of them are in possession, then all controversies between them as to the legal title and right of possession as to the lands of which partition is sought may and should be settled, as authorized by the statute, but other questions and issues especially when they relate to other lands, should not be injected in such partition proceedings.

3. As a general rule, a cross-bill in a partition suit is neither necessary nor proper.

This case was decided by Division A.

Appeal from the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for appellants;

*Boozer & Wilson,* for appellee.

SHACKLEFORD, C. J.—The appellants filed their bill in chancery against the appellee in the circuit court for Columbia county for the partition of certain described lands, of which the appellants and the appellee were alleged to be seized and possessed as tenants in common, their title thereto being derived through their common ancestor, Absolom Koon. It was further alleged in the bill that the lands described therein "are the only real estate owned as tenants in common or other tenure by the parties to this suit." The bill also contains allegations to the effect that the defendant, who is the appellee here, became possessed of the sum of $300.00, which

was derived from the sale of certain timber on the lands in question, which sale was made by Livinia A. Koon, the widow of Absolom Koon, deceased, to whom said lands had been allotted and set apart as her dower interest in the real estate of her deceased husband, which described lands, however, also included the share or interest of George Koon, one of the sons of Absolom Koon, deceased, that George Koon had died unmarried and without issue; that Livinia A. Koon continued to occupy and cultivate all of such lands during here lifetime, including the share belonging to George Koon; that after selling the timber from said lands for the sum of $300.00, in some manner unknown to the complainants the defendant became possessed of such proceeds. The prayers of the bill are for a partition of the lands, for an accounting by the defendant of such proceeds from the sale of timber and for general relief.

The defendant interposed a demurrer to the bill, which was overruled, but as the same is not set forth in the transcript we are not advised what the grounds thereof were. No appeal is taken from this ruling.

The defendant answered the bill, in which he admitted that the lands described therein were of the lands belonging to the estate of Absolom Koon, the common ancestor of the complainants and the defendant, but averred that certain of the complainants, who are designated, had no interest in such lands by reason of the fact that they had sold and conveyed all of their right, title, and interest in and to the same to the defendant by their deeds duly executed. The answer denies that the lands described in the bill "are the only real estate owned as tenants in common, or other tenure, by the parties to this suit;" and avers that certain other lands, which are described, were owned by James H. Koon, one of the sons of Absolom Koon, deceased, who died seized

and possessed thereof; that Luther M. Koon, one of the complainants, was appointed administrator of the estate of James H. Koon, deceased; that W. H. English recovered a judgment against such administrator, upon which execution issued and was levied upon said lands; that Livinia A. Koon, the widow of Absolom Koon, deceased, gave to Luther M. Koon the sum of $300 for the purpose of purchasing said lands at the sheriff's sale under such execution and taking the deed thereto in her name; that Luther M. Koon, instead of having such deed made to Livinia A. Koon, in accordance with her instructions and the purpose for which she entrusted to him the said sum of $300.00, had such deed thereto made and executed to his wife, Martha Koon, on the 6th day of January, 1896, but never placed the same on record until the 14th day of August, 1906, after the death of Livinia A. Koon, which occurred on the 7th day of March, 1906; that Luther M. Koon and Martha Koon, his wife, "made no claim of possession or ownership to said lands, or the rents and profits therefrom, during the life time of the said Livinia A. Koon, but always acknowledged and proclaimed the title and possession of the same to be in Livinia A. Koon up to the time of her death, and that Livinia A. Koon held the open, notorious and continued possession of the said land from January 6th, 1896, to March 7th, 1906." The answer contains a further averment, "that this defendant is advised that the parties to this suit are the heirs and distributees of the estate of the said Livinia A. Koon, deceased, and that the lands above described are the lands of the estate of the said Livinia A. Koon, and are properly subject to partition in this suit." The answer disclaims "any knowledge or reliable information" upon the part of the defendant of the alleged sale by Livinia A. Koon of timber from the lands to the amount of $300.00 and

calls for strict proof of the same, the defendant denying that he had ever received such sum or any part thereof.

The defendant also filed a cross-bill, whether by leave of the court or not does not appear, in which he repeats the averments in his answer, which we have set forth in substance above, and prays that the sheriff's deed to Martha Koon, who is made a party defendant to the cross-bill, be set aside and cancelled, and that the lands described therein be partitioned between the complainants in the original bill and the defendant, that Luther M. Koon be decreed to account for certain moneys alleged therein to have been received by him from the sale of certain timber from the lands described in the original bill, for counsel fees and for general relief.

To this cross-bill all of the defendants thereto, except Martha Koon, interposed the following demurrer:

"The demurrer of Luther M. Koon, Fannie Graham, T. S. Graham, J. W. Stevenson, Cottie Stevenson, Florence Pournell, E. P. Pournell, Vivian McKinney, Lehman McKinney, Vasco McKinney, John A. Anders, Mattie Anders, W. G. Shealy, Norman Shealy, Maggie Osteen, W. S. Osteen, Jr., Melissa Williams to the cross-bill filed by Wiley H. Koon in the above entitled cause and for cause of demurrer and points of law to be argued say:

First: That the said cross-bill does not state a case as entitled the said complainant to the relief therein sought.

Second: That said cross-bill does not pray for relief and is not designed to afford the cross-complainant any affirmative relief with regard to the subject matter of the original bill.

Third: The relief sought by the said cross-bill is not germane to the relief prayed for in the original bill.

Fourth: The cross-bill shows that the cross-complainant has an adequate remedy at law.

Fifth: The said cross-bill is multifarious.

Sixth: The said cross-bill being in a suit for the partition of real estate, will not lie under the laws of the state of Florida; the cross-complainant's remedy being to compel the original bill to be amended.

Seventh: The said cross-bill refers to a subject matter other than the subject of the original bill."

This demurrer was overruled by the court and from such order the complainants to the original bill, who were defendants to the cross-bill, have entered their appeal to this court. The sole assignment before us for consideration is based upon this order.

We encounter some difficulty in reaching a conclusion as to the proper disposition of this case by reason of the confused state of the pleadings.

The general rule seems to be that a cotenant cannot enforce a partition of a part only of the common lands, leaving the rest undivided, but the entire property must be included in the partition. 21 Amer. & Eng. Ency. Law (2nd ed.) 1162 and authorities cited in note 12; Freeman on Cotenancy and Partition (2nd ed.) §508; Battle v. John, 49 Tex. 202. While the answer denies that the lands described in the original bill constitute "the only real estate owned as tenants in common, or other tenure, by the parties to this suit," it admits that such lands "were of the lands of the estate of Absolom Koon, deceased;" the common ancestor of the complainants and the defendant. It is true that answer contains an averment to the effect that certain other lands, which are described, belonged to James H. Koon, who was the son of Absolom Koon and had died seized and possessed thereof, but whether they were derived by James H. Koon from the estate of his father, Absolom Koon, we

are not advised. Be that as it may, the answer further avers that Luther M. Koon, one of the complainants, had qualified as administrator of the estate of James H. Koon, deceased, and that the lands in question had been sold at an execution sale based upon a judgment recovered against such administrator and that a sheriff's deed thereto had been executed to Martha Koon, the wife of Luther M. Koon. It is true that the answer further avers that Livinia A. Koon furnished Luther M. Koon the money with which to purchase said lands at the sheriff's sale for her and instructed him to take the deed thereto in her name, but that Luther M. Koon wrongfully had the deed executed to Martha Koon, his wife, and concealed such fact from Livinia A. Koon. The allegations in the cross-bill follow the averments in the answer, and the relief sought by the cross-bill is to have such sheriff's deed set aside and cancelled and the lands described therein partitioned between the complainants to the original bill and the defendant thereto, as well as the lands described in the original bill, and also an accounting from Luther M. Koon. As the title to these lands of James H. Koon had never been vested in either Absolom Koon or Livinia A. Koon, the common ancestors of the complainants and the defendant, so far as we are advised by the record, but the same was outstanding in the name of Martha Koon, who was not a party to the original bill or shown to have claimed any interest in the lands described and embraced therein, we do not see how such lands could be partitioned as is sought in the cross-bill. Also, according to the averments of the answer, Melissa Williams and Charlie Williams, her husband, and Maggie Osteen and W. S. Osteen, Jr., who were among the complainants in the original bill, had sold and conveyed to the defendant by deeds duly executed all their right, title and

interest in and to the property therein described and no longer had any interest therein, but it is not averred in the answer or alleged in the cross-bill that such complainants had parted with their claim or interest to the lands described in the cross-bill, of which partition was sought. Now, a partition suit is not the proper proceeding in which to settle a disputed title, though "wenever the case is properly one of partition, one whose *bona fide* object is the partition of lands between *common owners* thereof, one or more of whom are complainants and the others are defendants, and they or some of them are in possession, then all controversies between them as to the legal title and right of possession may and should be settled by the chancellor, as authorized by statute." Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722, S. C. 111 Amer. St. Rep. 77; Girtman v. Starbuck, 48 Fla. 265, 37 South. Rep. 731, S. C. 5 Amer. & Eng. Ann. Cas. 833; Williams v. Clyatt, 53 Fla. 987, 43 South. Rep. 441. Nothing said in these cited cases authorizes or warrants the injection of such other questions and issues in a suit for partition as the defendant in the instant case has attempted to do both in his answer and by his cross-bill. The statutes cited in Camp Phosphate Co. v. Anderson, *supra,* now sections 1939 to 1946 inclusive of the General Statutes of 1906, do not so contemplate. See also the discussion and reasoning in Buckmaster v. Kelley, 15 Fla. 180; Mattair v. Payne, 15 Fla. 682; Street v. Benner, 20 Fla. 700; Matthews v. Lindsay, 20 Fla. 962; Keil v. West, 21 Fla. 508; Rivas v. Summers, 33 Fla. 539, 15 South. Rep. 319.

We are clear that the court erred in overruling the demurrer to the cross-bill. It would seem that as a general rule a cross-bill in a partition suit is neither necessary nor proper. See 5 Ency. of Pl. & Pr. 636; Fletch-

er's Equity Pl. & Pr. Section 888, and authorities cited in note 5; 5 Current Law, 1166, note 45.

It follows that the order appealed from must be reversed, and it is so ordered with directions that the demurrer to the cross-bill be sustained. We refrain from any further comments on the pleadings, having disposed of the only question properly before us, but would suggest that it would be advisable for the parties litigant to look to the other pleadings and see that they are in proper shape.

Order reversed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion. .