## ADAMS v. CRITTENDEN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ALABAMA.

No. 952.　Submitted January 13, 1890. — Decided February 3, 1890.

A person in failing circumstances conveyed away his equity of redemption in mortgaged real estate, and then became bankrupt. His assignee in bankruptcy recovered the tract from the grantee in an action brought for that purpose, to which the mortgagee was not made party, and then conveyed it by deed to a purchaser. The mortgagee sued in the state court to foreclose his mortgage, making the bankrupt, his assignee, and the grantee of the assignee, parties; the land was sold under a decree of foreclosure; and the purchaser under it received a deed and was put into possession. Thereupon the grantee of the assignee in bankruptcy brought ejectment against him to recover possession; Held, that the state court had jurisdiction of the foreclosure suit, and had a right to hear and determine whether the mortgage debt was still a lien, and whether the mortgagee's claim was upon the land or upon the fund in the hands of the assignee in bankruptcy.

THIS was an action of ejectment, and was submitted to the trial court upon an agreed statement of facts, which appears in the record. The contest was between a purchaser from an assignee in bankruptcy and a purchaser at subsequent foreclosure proceedings in a state court. The land was encumbered with liens at the time the bankruptcy proceedings were commenced. The title was not in the bankrupt, nor was the property surrendered by him to the assignee. Subsequently, however, the assignee sued the party in whose name the title stood and recovered the land. Thereafter, it was sold by the assignee, and the plaintiff in error became the purchaser. Such sale was for one-third cash, the balance on time, a lien being retained for the deferred payments. Upon this sale a deed was made, and the purchaser put in possession. The lien holders were not made parties to any proceedings in the bankrupt court. They never proved their claims there. After the conveyance by the assignee to the plaintiff in error, these lien owners commenced proceedings in the chancery court of the State to

foreclose their liens, making the bankrupt, the assignee in bankruptcy, and the purchaser, among others, parties defendant. The assignee and the purchaser defended on the ground that the state court had no jurisdiction to ascertain and enforce liens upon property of a bankrupt which had passed into the jurisdiction of the bankrupt court and by it been disposed of; but this defence was overruled, the liens declared and the land ordered to be sold. An appeal was taken to the Supreme Court of the State, but it affirmed the decree. Pending the proceedings in the state chancery court, a bill was filed in the United States Circuit Court to enjoin those proceedings, but after hearing that bill was dismissed. After the affirmance by the Supreme Court of the decree of the chancery court, the land was sold, and the defendants in error became the purchasers. Upon such purchase they received the ordinary deed and were put in possession. Thereupon this action of ejectment was brought.

*Mr. S. Watson, Mr. H. E. Jones* and *Mr. Lawrence Cooper* for plaintiff in error.

I. The bankrupt court, having absolute and exclusive jurisdiction of the property, had the power to sell it and make a good title. There is no question concerning the regularity of the proceedings in bankruptcy. The land was sold absolutely, and free from all liens, by the bankrupt court, deed made in regular form, and the plaintiff, the purchaser, was put in possession. This gave him absolute title, and entitles him to a recovery.

II. The plaintiff was in possession of the land under a deed made to him by the officer of the bankrupt court, in pursuance of a sale, made under the order of that court, having absolute and exclusive jurisdiction over the land. He was ousted by the defendants under subsequent proceedings in a state court having no jurisdiction over the subject matter. The proceedings in the state court were therefore void, and the plaintiff, for this reason, ought to recover.

III. It is agreed that the land in question was worth

$7000; that the annual rents were worth $500 for each year; and that the plaintiff was ousted by the defendants on the 4th of April, 1883. Therefore the plaintiff ought to have a judgment for possession of the land, and a judgment against the defendants for the rentals of the land, at the rate of $500 a year, from April 4, 1883.

*Mr. Milton Humes* and *Mr. R. C. Brickell* for defendants in error.

Mr. Justice Brewer, after stating the case as above, delivered the opinion of the court.

The regularity of the proceedings of the state court is not challenged. They were all subsequent to the proceedings in the bankrupt court, and were not commenced until after the title had passed away from the assignee in bankruptcy. The general jurisdiction of the state court is conceded. The purchaser, the plaintiff in error, was a party to that suit, and the claim of the plaintiff in error can only be sustained upon the theory that by reason of the bankrupt proceedings the state court was prevented from taking jurisdiction.

But the truth is, the question is one of error and not of jurisdiction. The state court had jurisdiction of the parties, and they were served with process and appeared. It had jurisdiction of the foreclosure of liens, and it had a right to hear and determine whether the alleged liens still existed, and whether there was any valid defence to their enforcement. The property upon which the liens were claimed was not in the possession of the bankrupt court, but only in the possession of the party purchasing from it. So, whether it erred in deciding that the lien holders had a claim upon the land rather than upon the fund in the hands of the assignee in bankruptcy, is immaterial. It presented simply a matter of error. An error in its ruling did not oust it of jurisdiction. The error, if error it was, could be corrected only by appeal. The failure of the party to exhaust his remedy in that direction does not now entitle him to disregard the entire proceed-

.ing as without jurisdiction. *Winchester* v. *Heiskell*, 119 U. S. 450.

We see no error in the ruling of the Circuit Court and its judgment is

*Affirmed.*