## T. A. WILLIAMSON AND WIFE v. J. T. CONNER.

### No. 783.   Decided April 10, 1899.

**1.   Foreclosure—Parties—Judgment.**

The rights of a married woman as owner of land subject to a vendor's lien are not affected by a foreclosure of the lien in a suit against her husband and to which she was not a party.   (P. 583.)

**2.   Vendor's Lien—Foreclosure—Assignment—Trespass to Try Title.**

A married woman purchased land subject to a vendor's lien note, which note and lien had been assigned; the assignee had foreclosure and sale in a suit against the husband of such purchaser—she not being made a party—and plaintiff purchased her title pending this foreclosure suit.   Held, that plaintiff could recover in trespass to try title against the purchaser at such foreclosure sale; that the foreclosure did not affect the rights of one not a party, and the assignment of the debt and lien did not pass the vendor's superior legal title.   (Pp. 582, 583.)

**3.   Cases Distinguished.**

The ruling in Ufford v. Wells and kindred cases distinguished.   (P. 583.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Williamson and wife sued Conner in trespass to try title.   Defendant had judgment which was affirmed on appeal by plaintiffs, who then obtained writ of error.

*W. M. Edwards,* for plaintiffs in error.—The Court of Civil Appeals erred in holding that Mrs. Annie E. Reynolds, to whom Spaugh had conveyed the land, reciting in the conveyance the payment of part of the purchase money by her and that she agreed to pay the balance thereof, $365, and that the land was conveyed to her in her own individual right and as her separate property, and who was in possession of the land at the time of suit, and whose deed was on record at the time, was not a necessary party to the suit of Vardell v. W. H. Reynolds.

Because the Court of Civil Appeals erred in holding that J. T. Conner, the appellee and the purchaser of this land at the sheriff's sale acquired the legal title thereto, though neither party to the litigation culminating in the judgment under which the sale was made, ever owned or claimed to own either the legal or equitable title to the land.   Minter v. Bennett, 90 Texas, 249; Ufford v. Wells, 52 Texas, 619; Foster v. Powers, 64 Texas, 249; Cattle Co. v. Boon, 73 Texas, 555; Wortham v. Boyd, 66 Texas, 401.

*M. T. Conner,* for appellee.—Annie E. Reynolds never had title to the land.   She by purchase acquired Spaugh's interest, and that upon conditions—a mere right to obtain title by the payment of the purchase money notes.   Foster v. Powers, 64 Texas, 247; Robinson v. Black, 56 Texas, 217; Kennedy v. Embry, 72 Texas, 390; Cattle Co. v. Boon, 73 Texas, 555; Pointer v. Lewis, 2 Posey, 742.

Certainly the part paid by Reynolds was community or his separate

property. It is equally certain the note given by Reynolds, sued upon by Vardell, was a community debt, and the entire tract of land being bound for its payment, Annie E. Reynolds could have no interest in the land that would bar a recovery of the debt and foreclosure of the lien upon the land in suit against her husband alone, who was the maker of the note. Claiborne v. Tanner, 18 Texas, 68; Shelby v. Perrin, 18 Texas, 516; Epperson v. Jones, 65 Texas, 425; Farr v. Wright, 27 Texas, 96; Ricks v. Pinson, 21 Texas, 507.

Again we contend that Annie E. Reynolds was not a necessary party to the suit of Vardell v. Reynolds, because the lien was reserved by Ellison in his deed to Spaugh. Annie E. Reynolds bought the land subject to that lien, which was of record, and her husband gives his note in lieu of the original note, and continues the lien upon the land after paying part of said moneys due. Ufford v. Wells, 52 Texas, 619; Robinson v. Black, 56 Texas, 217; Cattle Co. v. Boon, 73 Texas, 555.

BROWN, ASSOCIATE JUSTICE.—W. P. Ellison is the common source from whom all of the parties to this controversy claim title to the land in suit. On March 1, 1893, Ellison sold and conveyed the land to R. R. Spaugh, and in the deed recited that a part of the purchase money was secured by two notes, one for $200 and the other for $165, for which a vendor's lien was retained in the face of the deed. On the 17th day of February, 1894, Spaugh conveyed the land to Annie E. Reynolds for a consideration of $635 cash, recited to have been paid out of her separate funds, subject to the two notes given by Spaugh to Ellison, then the property of Waters, making $1000 consideration. A vendor's lien was reserved in the deed to secure the payment of the two notes. The deed stated that the property was conveyed as the separate property of Mrs. Reynolds.

On March 18, 1895, Annie E. Reynolds, joined by her husband, W. H. Reynolds, executed and delivered to H. M. Skelton a deed of trust upon the land to secure three notes executed by W. H. Reynolds, payable to T. A. Williamson, amounting in the aggregate to the sum of $750. The deed of trust was duly recorded about the time that it was executed.

Will M. Waters became the owner of the two notes from Spaugh to Ellison, given for the purchase money of the land sued for, and on the 5th day of July, 1894, Waters executed a release to W. H. Reynolds of the lien of those notes upon the land in controversy, except for the sum of $100, reciting that the balance of the two notes had been paid, and for the $100 unpaid, Waters took from W. H. Reynolds a note to become due on the 1st day of March, 1897. This note bore 10 per cent interest per annum, payable semi-annually, and contained a stipulation that if any installment of interest remained unpaid, the note could be declared due at the option of the holder. Waters transferred the note to T. W. Vardell without recourse, and four installments of interest being due and unpaid, Vardell instituted suit in the District Court of Dallas County upon the said note on September 23, 1895, against W. H.

Reynolds, seeking a foreclosure of the vendor's lien upon the land. Neither Mrs. Annie E. Reynolds nor Mrs. M. A. Williamson was made party to this suit. On March 8, 1897, judgment was entered in the District Court against W. H. Reynolds for the amount of the note and interest, foreclosing the vendor's lien upon the land, and subsequently, under an order of sale, the land was sold to satisfy that judgment and was bid in by J. T. Conner, to whom the sheriff made a deed in due form.

On March 2, 1897, the notes given by Annie E. Reynolds and W. H. Reynolds to T. A. Williamson being all due and unpaid, the trustee, H. M. Skelton, by virtue of the deed of trust made to him for that purpose, sold the land in accordance with the terms of the deed of trust and it was bid in by Mrs. M. A. Williamson, paid for with her separate funds, and deeded to her by Skelton as her separate property.

T. A. Williamson, with his wife, instituted this suit against J. T. Conner to recover the land, and the cause being submitted to the judge without a jury, a judgment was rendered in favor of the defendants, which judgment was affirmed by the Court of Civil Appeals.

Under the evidence, the title to the land in question was in Mrs. Annie E. Reynolds at the time Vardell instituted his suit against W. H. Reynolds to foreclose the vendor's lien upon it. Neither Mrs. Reynolds nor her vendee, Mrs. Williamson, was made a party to that suit, and the judgment foreclosing the lien did not in any way affect their rights. Whether W. H. Reynolds acquired any right in the land by the payment of a part of the purchase money originally due to Ellison does not arise upon the facts proved, and is therefore not decided. The land was subject to the lien of the $100, whether the title was wholly in Mrs. Reynolds or partly in her and partly in W. H. Reynolds. If Reynolds acquired any interest in the land, it may be that the sale passed that right to the purchaser, but no such claim has been set up.

The question decided in Ufford v. Wells, 52 Texas, 619, and kindred cases, is not involved in this case. Vardell, plaintiff in the foreclosure suit, in no sense represented the paramount title, which was reserved to Ellison, and Reynolds, defendant therein, never had an equity to all of the land, if indeed he had to any part of it.

If it were admitted that the payment of a part of the purchase money by W. H. Reynolds was made with his separate funds or with funds belonging to the community, and that he acquired an interest in the land to the extent of that payment, still Mrs. Reynolds owned near two-thirds of the land in her own right, and plaintiff, having acquired that interest, was entitled to recover to that extent. The trial court erred in entering judgment for defendant. The judgments of the District Court and Court of Civil Appeals are reversed and the cause is remanded.

*Reversed and remanded.*