### J. T. Connor v. T. A. Williamson and Wife.

#### Decided May 15, 1901.

**1.—Exception—Failure to Present.**

Error assigned on failure to pass on appellant's exceptions to adverse pleadings is not available where the record does not show that they were called to the attention of the court.

**2.—Executory Sale—Lien—Transfer—Deed by Vendor.**

The vendor who has retained the superior title, by reserving an express lien for the purchase money, can not, after transferring the purchase money notes, convey to another by his deed a title superior to that held under his vendee.

**3.—Statement of Facts—Rules of Court—Instruments Not Copied.**

A statement of facts which directs the clerk to copy as part thereof a judgment attached to defendant's answer, violates rules 86 and 74 for district courts, and does not show the admission of evidence of such a judgment as would support an execution sale under it.

Appeal from Dallas. Tried below before Hon. J. J. Eckford.

*M. T. Conner,* for appellant.

*William M. Edwards* and *Jeff Word,* for appellees.

KEY, ASSOCIATE JUSTICE.—This is the second appeal in this case. On the former appeal it finally reached the Supreme Court (92 Texas, 581.) The opinion of that court contains a full statement of the case as then presented, and it was there held that as Mrs. Williamson, suing as plaintiff in an action of trespass to try title, was not a party to the foreclosure suit of Vardell v. Runnels, she was not bound by the execution sale made under the judgment rendered in that suit, and the judgment of the District Court in favor of Conner was reversed.

Upon the last trial in the District Court Conner attempted to defeat the plaintiff's recovery by showing that he had acquired the legal title which still remained in W. P. Ellison, who had sold the land reserving in the deed a vendor's lien; and he also pleaded in the alternative his purchase of the land under the judgment referred to and subrogation to the rights of Vardell, who had sued upon and foreclosed the vendor's lien upon the land, and he prayed in the alternative, if he was not entitled to hold the land, that he have judgment for the amount paid by him therefor and a foreclosure of the vendor's lien thereon. The court below ruled against him on all the issues presented, and rendered judgment for the plaintiff for the land and for rents.

The first assignment complains of the failure of the court to dispose of the questions of law raised by exceptions before hearing the case upon its merits. The record does not bear out this assignment, because it does not show that the exceptions referred to were presented to the court at any time. The plaintiff's supplemental petition contains exceptions to certain matters pleaded by the defendant, but the record does not show that these exceptions were called to the attention of the court, and no ruling was made upon them.

The second assignment was addressed to the action of the court in excluding a certified copy of a deed from W. P. Ellison to the defendant Conner. Ellison was common source of title, and it was shown that long before making the deed referred to he had conveyed the land to R. R. Spaugh, under whom both parties claim; that he had transferred the vendor lien notes, and that though the deed executed by him retained the legal title in him, the equitable and suprior title had passed from him and vested in Mrs. Williamson, the plaintiff. Therefore, if the court had admitted the deed referred to, it would not, of itself have defeated the plaintiff's right to recover or established the defendant's right to equitable relief. If, in addition to the deed referred to, appellant had shown, as it seems he did on the former trial, that a judgment had been rendered upon one of the purchase money notes for the land, and the land sold thereunder and purchased by him, he might have been entitled to hold the land, or at least to reimbursement for the amount paid by him therefor.

The statement of facts contains this statement: "Defendant also introduced the judgment in case of T. W. Vardell v. W. H. Reynolds, from the 44th Judicial Dist. Court. (Clerk will here make copy of judgment attached to defendant's answer.)" This statement does not show that a judgment was rendered against Reynolds or any other person for any sum of money, or that any order of sale or execution was authorized to be issued against any one or for the sale of any land. It is true that the entry referred directed the clerk to copy an instrument attached to the defendant's answer. But it is also true that rule 86 for district and county courts prohibits a clerk from copying into a transcript an instrument so referred to in the statement of facts; and rule 74 declares that instruments so referred to and directed to be copied by the clerk shall not be deemed a part of the record. In view of these rules, which have existed for years, we are compelled to hold that the statement of facts in this case fails to show the existence of a judgment authorizing the execution sale under which appellant claims to have purchased the land; and, this being the case, he is not entitled to the protection claimed by him.

There are some assignments presenting other questions, all of which have been duly considered, and are hereby overruled.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.