RAMIREZ v. MARTINEZ. (No. 6145.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1919.)

1. JUDGMENT ⬉143(16)—SETTING ASIDE DEFAULT—DILIGENCE.

Plaintiff, who had not resided in the county for two years, and was unable to speak, read, or write English, *held* to have been sufficiently diligent to justify setting aside defendant's judgment against him taken by default, Legislature having changed time of holding court, etc.

2. APPEAL AND ERROR ⬉742(1)—ASSIGNMENT OF ERROR—STATEMENT BY REFERENCE—ABSENCE OF TESTIMONY.

In suit to set aside default judgment, an assignment, whose proposition is that plaintiff's

failure to appear and answer was not chargeable to defendant's fraud, referring for statement to that of another assignment which contains none of the testimony on the issue of diligence, etc., must be overruled.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Suit by Jesus M. G. Martinez against Ildefonso Ramirez. From judgment for plaintiff, defendant appeals. Affirmed.

John L. Dannelley, of Laredo, for appellant.

Greer & Hamilton, of Laredo, for appellee.

MOURSUND, J. This suit was filed in the district court of Zapata county, Tex., on November 20, 1917, by appellee, to set aside a judgment of the said district court rendered during the October term thereof in cause No. 111, Ildefonso Ramirez v. Jesus G. Gonzales et al. By agreement the case was transferred to Webb county, and the trial thereof resulted in a judgment for appellee.

The petition fully disclosed that appellee was not liable on the cause of action alleged against him, and also showed that appellant knew of such fact, and obtained a judgment by false testimony on his part. No question is raised on this appeal with regard to the sufficiency of the pleadings or proof on the issue whether appellee had a good defense.

[1] Under an assignment complaining of the overruling of the general demurrer it is contended that the petition fails to show sufficient diligence on the part of appellee to justify the court in setting aside the judgment. Appellee alleged that after he had attended two terms of court, the Legislature changed the time of holding the court from November, 1917, to October, 1917, and that appellee, who had not resided in Zapata county for two years and was unable to speak, read, or write the English language, was ignorant of such change, and therefore was not in attendance at the time of the trial, and did not ascertain that the case had been tried until after the expiration of such term of court. He further alleged that there was no session of the court at the time named in the citation, and that when he again appeared at the next term he was told by the officers of the court that there would be no business transacted, and as a matter of fact there was no civil business transacted at said term.

We conclude that the court did not err in overruling the demurrer. Dowell v. Winters, 20 Tex. 796; Queiroli v. Whitesides; 206 S. W. 122, and cases therein cited; McMurray v. McMurray, 67 Tex. 665, 4 S. W. 357.

[2] It is contended in the second assignment that the facts do not support the judgment, and the proposition is to the effect that, as the failure of appellee to appear and

answer was not chargeable to fraud or misrepresentation on the part of appellant, the judgment should be reversed. For statement, reference is made to that under the first assignment, which, however, does not contain any of the testimony adduced on the issue of diligence, nor state that appellee's testimony was not in accordance with the allegations contained in his petition. The assignment must be overruled.

Judgment affirmed.