## In re JACOBSON.

### WERNER v. ALLEN et al.

(Circuit Court of Appeals, Ninth Circuit. March 5, 1925. Rehearing Denied April 6, 1925.)

#### No. 4443.

Bankruptcy ⬤⇒269—Creditor held estopped by delay to attack validity of sale by trustee.

A sale of real property of a bankrupt by the trustee, free from liens, pursuant to an order of court, though irregular, *held* not subject to be set aside on petition of a lien creditor who was present by counsel and made no objection then, nor until more than six months after it was confirmed by the court.

Petition for Revision of Proceedings of the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

In the matter of David A. Jacobson, bankrupt. Petition of Katie Werner against Homer F. Allen, trustee, and others, to revise an order of the District Court. Affirmed.

D. V. Mulhern and F. L. Zimmerman, both of Phœnix, Ariz., for petitioner.

A. Henderson Stockton and Earl F. Drake, both of Phœnix, Ariz., for respondent Allen.

Arthur E. Price, of Chandler, Ariz., for respondents Phœnix Savings Bank & Trust Co. and Northern Trust Co.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. Jacobson was adjudged a voluntary bankrupt by the court below July 31, 1923. Among his assets were lots 25, 26, 27, and 28 in the town of Chandler, Maricopa county, Ariz., on which the present petitioner held a second mortgage, there being prior mortgages thereon held by the respondents Phœnix Savings Bank & Trust Company and Northern Trust Company, respectively. The case was referred by the court to its regular referee in bankruptcy, and the respondent Allen was subsequently appointed trustee of the estate. Thereafter an application was made by the trustee to the referee for the sale of these lots, among other property of the estate; the petition setting forth, among other things, a stipulation that had been entered into by and between the creditors (including the present petitioner and respondents), and approved by the referee, which stipulation set forth the various properties of the estate and the various incumbrances thereon, and contained these, among other, provisions:

That the described real property should be sold by the trustee on any date not later than 90 days from the date of the stipulation, "free and clear of all liens against said property, except leases on the same that are now valid, but free from the claims of any assignees of any of such leases, the purpose being that the purchaser shall receive any rents accruing after the date of sale; that the lien of each of the parties hereto as it now exists shall be automatically and forthwith transferred from the real property to the proceeds derived from the sale thereof; that any of the parties' hereto may be a bidder at said trustee's sale, and the amount due the respective parties hereto in order of their mortgage lien rights may be applied in payment of the purchase price, if such party is the successful bidder at the trustee's sale, except that in all events there shall be paid in cash a sum equal to the expenses of administration in bankruptcy upon the particular property herein described, including, among other items, expenses of sale, referee's commission, trustee's fees and commission, and attorney's fees of attorney for trustee. The real property is described as lots 25, 26, 27, 28, 36, 37, 38 and 39, Town of Chandler, Maricopa County, Arizona, according to the map or plat thereof on file and of record in the office of the County Recorder of Maricopa County, Arizona."

The stipulation also contained these clauses:

"(19) Where all the persons having or asserting liens against the property described in the several first mortgages separately, and the actions now pending in the state court, shall fail to assent hereto or enter into a like stipulation as the stipulation within a period of fifteen (15) days from and after the date hereof, and in which said actions, as to the property therein involved as a whole, the bankruptcy court shall not have entered an order for sale free of liens and incumbrances on or before twenty (20) days from the date hereof, any one or more of such action shall proceed in the state court, and the party of the fourth part hereto shall file an answer therein, and no action shall be taken in the bankruptcy proceeding to stay any such suit.

"(20) Upon a sale of all the property involved in any one of the pending actions in the state court, such action shall be dismissed, and all actions involving the property sold pursuant hereto shall be dismissed at the time of said sale.

"(21) Agreed and accepted by the parties hereto that Katie Werner executes the foregoing stipulation only in so far as her substantial rights and claims are involved, and for the purpose of obtaining, without legal formalities, an order of sale of this court, to sell the aforesaid described properties, free from all liens and for the further purpose of causing dismissal forthwith, after order of sale, of any and all suits pending in the state courts affecting said properties."

November 21, 1923, the referee in the bankruptcy proceeding made an order directing creditors of the estate to show cause on December 3, 1923, why the trustee should not be authorized and directed to sell "lots 25, 26, 27, 28, 36, 37, 38, and 39 of the town of Chandler, Maricopa county, Arizona, free and clear of all liens and incumbrances, the liens now existing upon said property to be transferred to the proceeds derived from a sale thereof in accordance with the stipulation filed herein by certain of said lienors, and why an order should not be entered authorizing and directing Homer F. Allen, as trustee in bankruptcy of David A. Jacobson, to sell the east half of the southeast quarter of section 10, township 2 south, range 5 east of the Gila and Salt River base and Meridian, Maricopa county, Arizona, containing 80 acres, more or less, free and clear

of all liens and incumbrances, conditioned upon the purchase price at trustee's sale of said property and of lots 25, 26, 27, 28, 36, 37, 38 and 39, being sufficient to pay all of the liens against all of said property.

Hearing was had before the referee on the trustee's petition and the order to show cause on the 3d day of December, 1923; the present petitioner appearing by counsel and making no objection thereto. Subsequently the referee made and entered an order of sale reciting, among other things, the hearing of the petition on December 3d, and the appearance at such hearing of the various creditors of the bankrupt, including the present petitioner by her counsel, and that neither of them, except one H. L. Hancock, filed or made any objections to the making of the order as prayed for by the trustee, and that Hancock's objections related only to the sale of lots 26 and 27 in Chandler town site, and reciting that it had been made to appear to the referee:

"That various of the parties to said order to show cause had in person or by their counsel stipulated for the sale of the real property hereinafter described, free and clear of incumbrances, all liens and incumbrances to be transferred to the proceeds derived therefrom, conditioned that said sale be made on or before 90 days from and after the date of said stipulation, to wit, the 10th day of November, 1923, and it further appearing that the parties to said stipulation extended the time mentioned therein for procuring the assent of other interested parties thereto, or an order of this court for the sale of said property set forth in said stipulation, to the 5th day of December, 1923, and it having been made to appear to the satisfaction of this court that it is for the best interests of the creditors of said estate that the real property hereinafter described be sold free and clear of all liens and incumbrances, any and all liens to be transferred to the proceeds derived from the sale, and that said sale be made on or before 90 days from and after the 10th day of November, 1923, and for divers other reasons that the said application is proper and should be granted."

Thereafter the present petitioner filed with the referee a petition seeking the cancellation of the stipulation that has already been referred to, among other relief, which petition was answered by the trustee, and the issues thereby made were determined adversely to the petitioner. Pursuant to the order of sale the trustee gave public notice that on February 7, 1924, he would sell the property so authorized to be sold to the highest bidder for cash at his office, Rooms 411–412 National Bank of Arizona Building, Phœnix, Ariz. The notice stated that a deposit of 10 per cent. must accompany each bid, and that the sale would be subject to confirmation by the bankruptcy court, and that the right was reserved to reject any and all bids.

At the time and place so designated for the sale no bidder appeared, except the holder of the first mortgage, through counsel, who wished to make their bid in the presence of the referee and all parties in interest. Thereupon adjournment was taken to the office of the referee, where, in the presence of the present petitioner, by her counsel and without any objection, the property in question was sold to the holder of the first mortgage thereon. No objection was made by the present petitioner to the manner or terms of the sale prior to its confirmation March 3, 1924, nor until October 13th of that year, when she filed with the referee a petition asking that the sale and the order confirming it be set aside. That petition was denied by the referee, on a review of which action the court below confirmed it.

We are of the opinion that the court was right in so doing. We are unable to hold that the sale made was void, as the petitioner asks us to do; and, even conceding that there was serious irregularity in the making of it, we think that the petitioner here is estopped by her conduct from now questioning it. See Freeman on Void Judicial Sales, § 21; 16 R. C. L. p. 85; 35 C. J. 34, 46; Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174; Nevada Nickel Syndicate v. National Nickel Co. (C. C.) 103 F. 391; Bechtel v. Wier, 152 Cal. 443, 93 P. 75, 15 L. R. A. (N. S.) 549; In re Torchia, 188 F. 207, 110 C. C. A. 248; In re Burr Mfg. & Supply Co., 217 F. 16, 133 C. C. A. 126; Lansburgh v. McCormick, 224 F. 874, 140 C. C. A. 296; Arapian v. Rice (C. C. A.) 296 F. 891.

The petition is denied.