

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

March 31, 1950

Hon. Robert Gooding
County Attorney
Red River County
Clarksville, Texas

Dear Mr. Gooding:

Opinion No. V-1025.

Re: Wife is a necessary party to
a tax foreclosure suit, the
property involved being the
homestead but the separate
property of the wife and her
children by a prior marriage.

You request the opinion of this office as to the validity
of a tax judgment, order of sale, and tax deed to the State arising
under the following state of facts quoted from your letter:

"I herewith present an actual state of facts which
exists relative to 40 acres of land in the William Cot-
ton Survey and D. D. Bruton Survey located in Red Riv-
er County, Texas. . . .

"In 1919 Sam Moore died leaving his wife Myrtle
Moore and three children, Sam Moore, Jr., Lucy Pearl
Moore, now the wife of Joe Barnard, and Hazel Moore,
now the wife of L. C. Johnson. Some time about 1921
the surviving wife Myrtle Moore married F. E. Moore.
This 40 acre tract of land was the community proper-
ty of Sam Moore and Myrtle Moore at the time of the
death of Sam Moore. After Myrtle Moore married F.
E. Moore they occupied and took possession of the 40
acre tract under such conditions as to impress the prop-
erty with homestead character insofar as the interest
of Myrtle Moore. F. E. Moore thereafter rendered the
property for taxation purposes in his, F. E. Moore's
name. The taxes became delinquent. A suit was filed
by the State of Texas vs. F. E. Moore to foreclose tax
lien on the property. F. E. Moore was the only party
cited. He did not appear and judgment was duly taken
on April 14, 1939. On June 3, 1941, the property was
sold under an order of sale and was struck off to the
State of Texas. The sheriff's return stated as follows:
'I executed to it a deed for said lands, this the 21st day
of July, 1941.' This order of sale and sheriff's return
shows to have been filed the 21st day of July, 1941. . . .

"In briefing this matter the following points came
to my mind relative to this factual situation:

"(1) Whether or not the suit for taxes against F. E. Moore is binding upon the interest of Myrtle Moore because the interests of Myrtle Moore were impressed by homestead character and the property has been rendered in the name of F. E. Moore.

"(2) Assuming without deciding that the suit was binding upon Myrtle Moore, then, in that event, whether or not the sale to the State of Texas on June 3, 1941, would have ended the liability of the Moores from payment of taxes from that date until the present time.

"(3) In view of the fact that the deed purportedly executed by the sheriff as shown by his return dated July 21, 1941 whether or not the period of redemption has ever started to run.

"(4) And, in view of the situation now existing whether or not a deed properly executed by the present sheriff of Red River County as successor in the office of the past sheriff that made the return would be valid and effective to start the period of redemption running by his executing the deed and having the same recorded in the Deed Records of Red River County.

"(5) Whether or not upon the payment of the taxes and upon the issuance of a redemption certificate by the Tax Collector of Red River County that the encumbrance and cloud upon the title to this property would be done away with."

Reduced to simple terms your request presents the following question:

Is the wife a necessary and indispensable party to a suit by the State to foreclose the constitutional and statutory liens for delinquent ad valorem taxes assessed against property constituting the homestead of the husband and wife where the homestead property is the separate property of the wife, and her children by a prior marriage?

For the reasons hereinafter stated we think the answer to this question must be in the affirmative. We deem it expedient to say at the outset that our conclusion is not based upon any special right or exemption enjoyed by a married woman with respect to her separate property, in so far as its taxability is concerned, for there is none. Section 1, Article VIII, Constitution of Texas, provides as follows:

Hon. Robert Gooding, Page 3 (V-1025)

> "All property in this State, whether owned by
> natural persons or corporations other than municipal,
> shall be taxed in proportion to its value."

There are, of course, certain constitutional and statutory exemptions not important here.

A married woman's property is subject to taxation precisely as though she were unmarried.

The Texas Constitution further provides:

> "All (landed) property . . . shall be liable to sei-
> zure and sale for the payment of all taxes and penalties
> due by such delinquent; and . . . may be sold for the
> . . . taxes and penalties due . . . " (Section 15, Article
> VIII)

> "The homestead . . . shall be . . . protected from
> forced sale, for the payment of all debts except for . . .
> the taxes due thereon." (Section 50, Article XVI)

Article 7172, V.C.S., provides in part:

> "All taxes upon real property shall be a lien up-
> on such property until the same shall have been paid."

The foregoing is stated in order to make clear the basis upon which we predicate our answer.

Our conclusion is based upon the premise that under the facts presented the judgment of the district court in a suit to foreclose the State's constitutional and statutory lien against the husband alone as to the separate property of the wife, even though it constituted the homestead, is wholly ineffectual to foreclose or affect her rights in her separate property, absent her being a party to the suit and served with citation.

In the case of Ball v. Carroll, 92 S.W. 1023 (Tex. Civ. App. 1906, error ref.), the court said:

> "The proceeding in a tax suit brought under the
> delinquent tax act is one in rem, and the object and pur-
> pose of the act is to enable the state to condemn, seize,
> and sell all lands upon which taxes are due and unpaid.
> All parties owning or claiming any interest in the prop-
> erty are required to be made parties to the suit and to
> be served with citation, . . . "

Under the facts present the wife owned the fee title to one-half of the land and her children the other half, it being community property of herself and her former deceased husband, and upon his death intestate his community interest descended to his children, and the wife retained her half in her own right. The present husband, the sole defendant in the tax suit, owned no interest in the fee, but merely a possessory homestead right. A tax suit and judgment against him alone, without the joinder of the wife and service of citation upon her, is not sufficient, under the facts presented, to divest the title of the wife and her children by sale under the judgment and to vest it in the State, the purchaser at tax sale. This is true for the obvious reason that the title to the property was vested in others not parties to the suit or served with citation in the suit.

The Supreme Court in an early case, R. N. Read v. M. A. R. Allen, 56 Tex. 182 (1882), held as follows:

"No case has been cited or has come under our observation (and it is believed that no well considered one can be found) which makes a judgment against the husband alone, and to which the wife was not otherwise a party, sufficient to divest her title to her separate property."

This case has not been departed from but on the contrary has been cited with approval in a number of subsequent cases. In the case of Foster v. Christensen, 67 S.W.2d 246 (Tex. Comm. App. 1934), Judge Smedley stated the rule as follows:

"Judgment of foreclosure and sale in a suit against the husband when the land is the separate property of the wife does not affect her title and does not estop her. Williamson v. Conner, 92 Tex. 581, 50 S.W. 697; Wilson v. Johnson, 94 Tex. 272, 60 S.W. 242, 243. In the opinion in the case last cited, Judge Gaines said: 'A judgment against him in a suit to recover property belonging to her in her own right, to which she is not a party, does not bind her.'"

Section 3 of Article 7345b, V.C.S., specifically provides as follows:

"The laws governing ordinary foreclosure suits in the District Courts of this State shall control the question of parties, issuance, and service of process and other proceedings in tax suits, save and except as herein otherwise provided. ..."

The exceptions provided apply to those situations where constructive service is had, which of course is not applicable to the state of facts we here consider.

The last case cited, supra, was a foreclosure suit in the district court and the same rule would apply in reference to necessary parties by the express terms of the statutes to the foreclosure of tax liens.

Since the wife was a necessary and indispensable party to the State's suit to foreclose the tax lien securing the payment of the taxes, the property being her separate property even though it be the homestead, the judgment, order of sale and sheriff's deed are wholly void as to the wife and children in whom the title vested, and the State acquired no title by virtue thereof. The husband, the sole defendant in the suit, had no title; hence none passed to the State by its purchase. The result is the same as though no suit had been filed, or judgment entered therein, in the absence of the wife as a party and service of process upon her or by her voluntary appearance in the suit. The taxes involved in the suit are still outstanding as though no suit had been filed or judgment entered therein.

Had the property here involved been the community property of the wife and husband or the separate property of the husband, then the wife would have been bound by the judgment against the husband and the sale thereunder without being made a party to the suit, and this regardless of the fact the property is the homestead of the husband and wife. Kubena v. Hatch, 144 Tex. 627, 193 S.W.2d 175 (1946); Jergens v. Schiele, 61 Tex. 255 (1884); City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496 (1898); Cooley v. Miller, 228 S.W. 1085 (Tex. Comm. App. 1921).

Our answer to the above question renders it unnecessary for us to pass upon the other questions submitted by you.

## SUMMARY

The wife is a necessary and indispensable party to a tax suit for delinquent ad valorem taxes on property which is the separate property of the wife regardless of the fact that the property is the homestead of the husband and wife. A tax suit and judgment against the husband alone, without the joinder of the wife and

citation upon her, is wholly ineffective to divest the
wife of her title to her separate property, even though
the property be the homestead of the husband and wife.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

By L. P. Lollar

L. P. Lollar
Assistant

W. V. Geppert
Taxation Division

Charles D. Mathews
Executive Assistant

LPL/mwb